IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VAUDIS H.,<br><br>            Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI<br>Acting Commissioner of Social Security,<br><br>            Defendant. | MEMORANDUM DECISION<br>AND ORDER AFFIRMING THE<br>COMMISSIONER'S DECISION<br><br>Case No. 2:21-cv-00199-CMR<br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 11). 28 U.S.C. § 636(c). Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act). After careful review of the entire record (ECF 16), the parties' briefs (ECF 21, 24, 25) and supplemental briefs (ECF 30, 31), and arguments presented at a hearing held on June 22, 2022 (ECF 32), the court concludes that the Commissioner's decision is supported by substantial evidence and legally sound. For the reasons stated on the record at the hearing and as discussed below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 21) and AFFIRMS the decision of the Commissioner.

                **I. FACTUAL BACKGROUND**

In February 2018, Plaintiff applied for disability insurance benefits (DIB) and supplemental security income (SSI), alleging disability due to posttraumatic stress disorder (PTSD), back problem, knee problem, depression, vision problems, hip problems, sleep problems,

anger problems, and blood clots (Tr. 20, 47–48, 281, 283, 313). She was 46 years old on her amended alleged disability onset date (February 1, 2017), and worked, in the relevant past, as a cashier and a grocery store meat clerk (Tr. 37, 83, 309, 315, 327–32).

Plaintiff pursued her disability claims at a December 2019 hearing before an ALJ, at which Plaintiff, her attorney, and a vocational expert appeared (Tr. 43–87). In a January 2020 hearing decision, the ALJ determined that Plaintiff was not disabled within the meaning of the Act (Tr. 20–37). In making that determination, the ALJ applied the five-step sequential evaluation for determining disability in adults. 20 C.F.R. § 404.1520. The ALJ determined at step two that Plaintiff had severe impairments of anxiety disorder, PTSD, and lumbar spine degenerative disc disease (Tr. 23). The ALJ found that Plaintiff's mild visual loss and pre-diabetes were non-severe and that her knee problems were not a medically determinable impairment (Tr. 23-24). At step three, the ALJ considered Plaintiff's degenerative disc disease under Listing 1.04, finding the criteria were not met (Tr. 24). The ALJ considered Plaintiff's mental impairments under Listings 12.06 and 12.15, finding mild limitations in understanding, remembering, or applying information and in concentrating, persisting or maintaining pace; moderate limitation in adapting or managing oneself; and a marked limitation in interacting with others (Tr. 24-27).

In his residual functional capacity (RFC)[1] finding, the ALJ found that Plaintiff's impairments would limit her to "seated light work": light work as it is defined in the regulations, but further restricted to standing and /or walking for a combined four hours per work shift (Tr. 27). *See* 20 C.F.R. § 404.1567(b) (defining light work as requiring frequent standing and/or walking). Among other, non-exertional limitations, the ALJ also restricted Plaintiff to no more than

---

[1] RFC is the most a claimant can do, despite symptoms from his impairments. 20 C.F.R. § 404.1545(a)(1).

2

occasional changes in a routine work setting; no more than occasional, superficial contact with the public; and no more than occasional contact with coworkers or supervisors (Tr. 27). At step four, the ALJ found that Plaintiff could not perform her past relevant work (Tr. 34–35). However, the ALJ found Plaintiff "not disabled" at step five because, considering her age, education, work experience, and functional limitations, Plaintiff could perform other jobs existing in significant numbers the national economy, including inspector hand packager and small product assembler (Tr. 35–37). 20 C.F.R. § 404.1520(f)-(g). The Appeals Council denied Plaintiff's request for review (Tr. 1–5), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. This appeal followed.

## II. LEGAL FRAMEWORK

### A. Statutory and Regulatory Background

To establish disability, a claimant must show that she was unable to engage in any substantial gainful activity due to some medically determinable physical or mental impairment or combination of impairments that lasted, or were expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A). A disabling physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The claimant has the burden of furnishing medical and other evidence establishing the existence of a disabling impairment. 42 U.S.C. § 423(d)(5)(A). Whether a claimant is disabled under the Act is a decision reserved to the Commissioner alone. 20 C.F.R. §§ 404.1520b(c)(3), 404.1546(c).

### B. Standard of Review

The court's review of the Commissioner's final decision is specific and narrow. The court reviews the ALJ's decision to determine whether substantial evidence in the record, taken as a whole, supports the factual findings and whether the correct legal standards were applied. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). On judicial review, the "ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for substantial evidence is "more than a mere scintilla" of evidence, and "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek,* 139 S. Ct. at 1154 (quoting *Consolidated Edison Co. v. NRLB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). The court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]." *Hendron*, 767 F.3d at 954 (quoting *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)).

### III. ANALYSIS

#### A. The ALJ's RFC Accounts for His Step-Three "Marked" Limitation in Social Interaction

Plaintiff first argues that the ALJ failed to include sufficient limitations in his RFC finding to account for the "marked" limitation in interacting with others he assessed earlier in the hearing decision, at step three. A disability claimant's RFC is the most that she can do despite her limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ assesses RFC based on all of the relevant evidence in the administrative record. *Id*. § 404.1545(a)(3). At the administrative hearing level, the ALJ alone is responsible for assessing the claimant's RFC. *Id*. § 404.1546(c). For the reasons below, the court finds Plaintiff's argument unavailing.

Here, the ALJ reasonably assessed Plaintiff's RFC, and substantial record evidence supports his findings. To account for the marked limitation in "interacting with others" he had assessed earlier in the sequential evaluation at step three (Tr. 25–26), the ALJ limited Plaintiff to no more than occasional, superficial contact with the public and no more than occasional contact with coworkers or supervisors in his RFC finding (Tr. 27). Although a limitation to superficial social contact can also be found to accommodate a moderate limitation in social functioning, *see, e.g., Carver v. Colvin*, 600 F. App'x 616, 620 (10th Cir. 2015), there is no requirement that an ALJ assess more restrictive social interaction limitations in the RFC to account for a step-three "marked" limitation in interacting with others. The ALJ in this case did what was required under the regulations: he considered the record evidence and assessed RFC limitations that accounted for Plaintiff's mental impairments and social interaction symptoms supported by the record (Tr. 25–31). Moreover, the ALJ's RFC finding is supported by substantial record evidence, including the State agency psychological consultants' prior administrative medical findings (Tr. 32–33 (citing Tr. 90–128, 131–78)).

In coming to this conclusion, the court notes a similar result in *Gillis v. Comm'r of Soc. Sec. Admin*, No. CV-20-00512-TUC-RM (EJM), 2022 WL 1051350 (D. Ariz. Feb. 9, 2022), *report and recommendation adopted*, 2022 WL 897100 (D. Ariz. Mar. 28, 2022). Although *Gillis* is not binding, it is persuasive here. In that case, the ALJ found at step three the claimant had a "marked" limitation in social interaction and "should have little to no interaction with the public, coworkers, and supervisors." *Id.* at *9. In the RFC finding, the ALJ limited the claimant to "no public contact and only occasional contact with coworkers and supervisors." *Id.* In rejecting the claimant's argument that "occasional" interaction with coworkers and supervisors was too frequent to account

5

for a "marked" limitation in social interaction, the *Gillis* court explained that the ALJ in that case—like the ALJ here—"noted in his decision, '[t]he limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process.'" *Id*. Relying on the fact that the "paragraph B" findings have "no direct definitional equivalence" to RFC findings, the *Gillis* court found that the ALJ's limitation to no contact with the public and only occasional contact with coworkers and supervisors sufficiently accounted for the ALJ's step three finding of a "marked" limitation in social interaction. *Id*. Here, much like in *Gillis,* although Plaintiff argues for a more favorable interpretation of the evidence—a finding that a "marked" limitation should cause an ALJ to incorporate a more restrictive RFC limitation than "occasional" interaction—under the substantial evidence standard, the record sufficiently supports the ALJ's RFC findings, and the ALJ therefore did not err. In sum, the court concludes that because the ALJ's social interaction-related RFC limitations are supported by substantial evidence, there is no reversible error with reference to the ALJ's RFC findings.

### B. The ALJ Was Not Required to Recontact Plaintiff's Therapist

Plaintiff next argues that if the ALJ intended to discount the opinion of her therapist, Ms. Atwood, the ALJ was obligated to recontact Ms. Atwood for clarification of her opinion. In an August 2017 letter, Ms. Atwood stated that Plaintiff's PTSD "has impacted her ability to interact with people" and "impacts her ability to work as she struggles to be in public places without having a panic attack" (Tr. 771). The ALJ found Ms. Atwood's opinion "partially persuasive" because it was supported by a brief explanation as well as Ms. Atwood's own treatment notes and was consistent with other evidence found in the record (Tr. 33). Nevertheless,

6

the ALJ noted that Ms. Atwood's opinion contained "only general and vague limitations" that were "not specific limitations necessary for a proper medical and vocational analysis" (Tr. 33–34 (citing Tr. 771)). That finding did not obligate the ALJ to recontact Ms. Atwood before assessing her opinion.

Under the regulations, the ALJ is only required to further develop the record if he is unable to make a disability determination on the evidence currently in the record. As explained in 20 C.F.R. § 404.1520b, if the evidence is insufficient or inconsistent, the ALJ will consider the relevant evidence found in the record "and see if [he] can determine whether [the claimant is] disabled based on the evidence" before the ALJ. 20 C.F.R. § 404.1520b(b)(1). The ALJ is only required to take action to supplement the record in two circumstances: (1) if the evidence is consistent, but he has "insufficient evidence" to determine whether the claimant is disabled; or (2) if, after considering the evidence, he determines that he cannot resolve inconsistencies in the evidence to reach a conclusion about whether the claimant is disabled. 20 C.F.R. § 404.1520b(b)(2). Nothing in the relevant regulation states that if the ALJ finds that a particular opinion is "vague" or lacks specific work-related limitations, the ALJ must recontact that source before proceeding. In this case, the ALJ was able to make a disability determination based on the evidence before him, and therefore was not required to recontact Ms. Atwood or take some other course of action to further develop the record.

### C. The ALJ Did Not Err in Finding, at Step Three, a Mild Limitation in Attention and Concentration

Finally, Plaintiff argues that the ALJ erred in finding a mild limitation in attention and concentration at step three because he did not follow a medical opinion in making that assessment. Under the revised regulations, the ALJ is required to consider opinion evidence. 20 C.F.R.

§ 404.1520c. However, the ALJ is not required to parrot or otherwise follow a medical opinion in assessing RFC. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question."). Moreover, Plaintiff's argument appears to be an invitation to reweigh the evidence in her favor, which is not permissible on substantial evidence review. *See Hendron*, 767 F.3d at 954. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)). The ALJ in this case assessed the opinion evidence in a manner that is consistent with the regulations, and the court will not second-guess the conclusions the ALJ reached after making that assessment.

## IV. CONCLUSION

The ALJ's decision is supported by substantial evidence and legally sound, and is therefore AFFIRMED, and Plaintiff's Motion for Review of Agency Action (ECF 21) is DENIED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

DATED this 26 August 2022.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah